MAYER BROWN LLP
MATTHEW D. INGBER (*pro hac vice*)
ALLISON AVIKI (*pro hac vice*)
RORY K. SCHNEIDER (*pro hac vice*)
DAVID YOLKUT (*pro hac vice* forthcoming)
*mingber@mayerbrown.com*
*aaviki@mayerbrown.com*
*rschneider@mayerbrown.com*
*dyolkut@mayerbrown.com*
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone:  (212) 506-2500

MICHAEL A. CALVANICO (SBN 344792)
*mcalvanico@mayerbrown.com*
333 S. Grand Avenue, 47th Floor
Los Angeles, CA 90071-1575
Telephone:  (213) 229-9500

Attorneys for Defendant
META PLATFORMS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIXEN MUSIC PUBLISHING, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>META PLATFORMS, INC., a Delaware corporation, and DOES 1 to 10,<br><br>    Defendants. | Case No. 2:26-CV-00752-JFW-AS<br><br>**JOINT STATEMENT RE: LOCAL RULE 7-3 CONFERENCE RE: DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>The Honorable John F. Walter<br><br>Action Filing Date: January 23, 2026 |

## JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE

1.      Pursuant to Local Rule 7-3 and this Court's Standing Order (Dkt. 9), counsel for Plaintiff Wixen Music Publishing, Inc. ("Wixen") and Defendant Meta Platforms, Inc. ("Meta") conferred regarding Meta's contemplated motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), which is due to be filed on May 7, 2026. The parties met by videoconference on Thursday, April 30, 2026, and continued their conference on Friday, May 1, 2026. The two sessions lasted approximately forty minutes in total.

2.      The following attorneys participated on behalf of Meta: Matthew D. Ingber, David Yolkut, Allison Aviki, and Michael A. Calvanico. The following attorneys participated on behalf of Wixen: Andrew S. MacKay and Daniel J. Schacht.

3.      The conference addressed Meta's contemplated Motion to Dismiss, which seeks dismissal of all claims asserted by Wixen, including direct copyright infringement, contributory copyright infringement, defamation, trade libel, and intentional interference with contractual relations. The parties discussed the substance of these issues in full.

4.      With respect to copyright standing, counsel for Meta stated that Wixen has not plausibly alleged standing because the Complaint does not plead, on a work-by-work basis, that Wixen owns, or exclusively licenses, any enumerated right under 17 U.S.C. § 106. Counsel for Meta further indicated that allegations that Wixen "administers" works and is the "exclusive licensee and/or owner" of the works are insufficiently specific to establish standing. Counsel for Meta also noted that Wixen's inclusion of dozens of pre-1978 works in the Complaint raises additional standing issues. Counsel for Wixen responded that it believes its current allegations for the rights which Wixen contends were infringed that it is the "exclusive licensee and/or owner" of the Works are sufficient, referenced its view of outcomes in prior litigation regarding these issues, and stated it would review the Complaint to consider whether to further "tighten" certain phrasing in

1

its Complaint in response to the issues raised by Meta's counsel. After review, Wixen's position is that the allegations in the Complaint are sufficient.

5. With respect to direct copyright infringement, counsel for Meta stated that the direct infringement claim lacks the factual specificity required by *Twombly* and *Iqbal* because the Complaint does not identify any concrete, post-termination act by Meta violating § 106 as to any specific work, date, or Meta service, and because the screenshots included in the Complaint reflect only searchability, rather than a concrete act of infringement, and do not include specific dates on which they were taken. Counsel for Wixen stated that, as pleaded, the allegations target post-termination conduct and that its allegations supply sufficient notice under *Twombly* and *Iqbal*.

6. With respect to contributory copyright infringement, counsel for Meta stated that the contributory claim fails because the Complaint does not identify any predicate act of direct infringement by a third party, and that secondary liability cannot exist in the absence of such direct infringement. Counsel for Wixen stated that its current allegations regarding user infringements are sufficient.

7. With respect to defamation, counsel for Meta stated that the defamation claim is deficient for multiple reasons. First, the Complaint does not plead defamation with requisite specificity, including by failing to sufficiently detail the speaker, recipient, timing, substance, or medium of the alleged statements. Second, the alleged statements, viewed in industry context, are not reasonably susceptible of a defamatory meaning. And third, falsity is not plausibly alleged. Counsel for Wixen pointed to allegations that Meta told industry participants that content was removed from Meta's services "because of Wixen," could not be reinstated until Wixen "has resolved the issue with Meta directly," and was unavailable due to "active ownership claims by Wixen Music Publishing," and stated that these allegations state a claim because they are sufficiently alleged to be false and harmful to Wixen's business.

JOINT STATEMENT RE: L.R. 7-3 CONFERENCE RE: DEFENDANT'S MOTION TO DISMISS COMPLAINT, CASE NO. 2:26-CV-00752-JFW-AS

8.      With respect to trade libel, counsel for Meta stated that the trade libel claim fails because the alleged statements are not clearly or necessarily disparaging of the quality of Wixen's services, the statements are not pleaded with specificity, and special damages are not pleaded with sufficient particularity. Counsel for Wixen agreed that the pleading standards of the Federal Rules of Civil Procedure – not state law pleading standards – apply and stated that Wixen believes its allegations of client terminations and harm to its business are sufficient to state a claim.

9.      With respect to intentional interference with contractual relations, counsel for Meta stated that the Complaint lacks requisite specificity because it does not identify any specific client or contract, any counterparty or specific contract term, Meta's knowledge, an actual breach or disruption, or resulting damages. Counsel for Wixen requested that Meta provide authority regarding dismissal for failure to identify specific contracts or clients; Meta provided examples of that authority by email following the conference, and Wixen's counsel is reviewing that authority and related caselaw.

10.     Despite a productive conversation, the parties did not reach agreement to narrow or resolve issues, and no amendments were agreed in advance of the contemplated motion. Both sides reserved all rights for briefing and will continue to meet and confer as appropriate.

11.     Additionally, the parties briefly discussed the hearing date and briefing schedule imposed by the local rules and this Court's standing order and the potential for a joint proposal to the Court for modest deviations. Wixen's counsel invited Meta to circulate a proposed schedule for consideration. Counsel will coordinate promptly regarding any proposed stipulation.

Dated: May 1, 2026

By: */s/ Matthew D. Ingber*
Matthew D. Ingber
MAYER BROWN LLP

Attorneys for Defendant
META PLATFORMS, INC.

3

Dated: May 1, 2026

By: */s/ Andrew S. MacKay*
Andrew S. MacKay
DONAHUE FITZGERALD LLP

Attorneys for Plaintiff
WIXEN MUSIC PUBLISHING, INC.

4

## FILER'S ATTESTATION

Pursuant to local rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories to this document concur in the content of, and have authorized, this filing.

Dated: May 1, 2026

*/s/ Matthew D. Ingber*
*Matthew D. Ingber*

5