**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 26-752-JFW(ASx)** Date: September 4, 2026

Title: Wixen Music Publishing, Inc. *-v-* Meta Platforms, Inc., et al.

**PRESENT:**
**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Julieta Lozano** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER GRANTING IN PART DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [filed 6/15/2026; Docket No. 32]**

On June 15, 2026, Defendant Meta Platforms, Inc. ("Meta") filed a Motion to Dismiss Plaintiff's First Amended Complaint. On July 20, 2026, Plaintiff Wixen Music Publishing, Inc. ("Wixen") filed its Opposition. On August 3, 2026, Meta filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was therefore removed from the Court's August 17, 2026 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Wixen is a music publisher that was founded in 1978. Wixen administers more than 100,000 songs written and/or owned by its more than 2,000 clients. As a publishing administrator, Wixen alleges that it is the exclusive licensee and/or owner of more than one hundred thousand musical compositions in its catalog, including the 681 works listed in Exhibit A to the First Amended Complaint (collectively, the "Works"). While the majority of its catalog consists of musical compositions, Plaintiff alleges that it is also the administrator and exclusive licensee of certain sound recordings.

As alleged in the First Amended Complaint, Meta, formerly known as Facebook, Inc., owns and operates two social media platforms, Instagram and Facebook, and a messaging application, WhatsApp (together, the "Apps"). These Apps are available to users on the internet or through

mobile applications. In or around 2020, Meta launched "Instagram Reels" ("Reels"), which allows users to create, share, and watch videos. Within a year of its initial launch, Reels also became available on Facebook. Reels provides users with the ability to easily add music to videos from the libraries of music that Meta controls, maintains, and provides on its Apps ( the "Music Library").

Meta's relationship with Wixen dates back to approximately March 2018, when Wixen began licensing its catalog to Meta through a series of agreements and amendments (collectively, the "Wixen-Meta License"). In March 2025, before the latest iteration of the Wixen-Meta License was scheduled to expire, Meta proposed new licensing rates. After Wixen refused to agree to Meta's new licensing rates, negotiations broke down and the Wixen-Meta License expired on December 10, 2025.

After the negotiations proved unsuccessful, but before the Wixen-Meta License expired, Wixen alleges that Meta unilaterally removed music belonging to some of Wixen's current and former clients from the Music Library. Meta then allegedly told Wixen's current and former clients that the music was removed by, or caused to be removed by, Wixen. In addition, since the expiration of the Wixen-Meta License, Wixen alleges that Meta has, without authorization or compensation, reproduced and made the Works available to its users through Reels and the Music Library, resulting in thousands of audiovisual works incorporating the Works, without authorization or compensation.

On January 23, 2026, Wixen filed its initial Complaint in this Court alleging the following claims for relief against Meta: (1) direct copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq*., (2) contributory copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.*; (3) defamation; (4) trade libel; and (5) intentional interference with contractual relations. In its Complaint, Wixen identified 331 Works being infringed by Meta. On May 15, 2026, Wixen filed its First Amended Complaint, adding additional Works, increasing the number of Works to 681, and adding additional facts regarding its claims for defamation, trade libel, and intentional interference with contractual relations. Wixen alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (copyright action) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

Meta moves to dismiss Wixen's claims for direct and contributory copyright infringement on the following relevant grounds: (1) Wixen fails to plausibly allege that it holds the exclusive rights necessary to sue under the Copyright Act; and (2) Wixen fails to plead standing as to pre-1978 works.

## II. LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III. DISCUSSION

The Court concludes that Wixen has failed to adequately allege that it has standing to sue under the Copyright Act with respect to any of the Works.

Under the Copyright Act, only the "legal or beneficial owner of an exclusive right under a copyright" has standing to sue for infringement of that right. 17 U.S.C. § 501(b). A plaintiff must therefore allege that it owns, or exclusively licenses, at least one of the enumerated rights in Section 106. *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1168-69 (9th Cir. 2013).

Importantly, under Ninth Circuit precedent, a copyright co-owner cannot unilaterally grant a third party an exclusive license in a co-owned copyright interest that limits the independent rights of other co-owners. Indeed, absent the other co-owners' consent, the licensee holds only a non-exclusive license and thus lacks standing to sue for infringement on the basis of that license. Specifically, the Ninth Circuit reasoned that:

> [W]hen one co-owner independently attempts to grant an exclusive license of a particular copyright interest, that licensee . . . does not have standing to sue alleged third-party infringers. After all, one co-owner, acting independently, "may not limit the

> other co-owners' independent rights to exploit the copyright." Such a conclusion stems from the self-evident principle that a joint-owner cannot transfer more than he himself holds; thus, an assignment or exclusive license from one joint-owner to a third party cannot bind the other joint-owners or limit their rights in the copyright without their consent. In other words, the third party's right is "exclusive" as to the assigning or licensing co-owner, but not as to the other co-owners and their assignees or licensees. As such, a third-party assignee or licensee lacks standing to challenge the attempted assignments or licenses of other copyright owners.

*Corbello v. DeVito*, 777 F.3d 1058, 1065 (9th Cir. 2015) (summarizing and quoting holding in *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1145-46 (9th Cir. 2008). *See also Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n,* 953 F.3d 638, 645-46 (9th Cir. 2020) (holding that a licensing company lacked standing to pursue copyright infringement claims where it acquired rights from only certain co-owners).

In its First Amended Complaint, Wixen generally alleges in a conclusory fashion that Wixen is the "exclusive licensee and/or owner" of the Works and that it "has the exclusive right to sign agreements, collect royalties, receive monies, issue synchronization and other licenses, pay royalties, register copyrights, and otherwise interact and assert rights on behalf of each copyright owner with or against musical service companies such as Meta." FAC ¶¶ 5, 13, 56, 67. Wixen, however, fails to specify for any particular Work, whether it is an owner or an exclusive licensee, what exclusive rights it holds, or from whom those rights derive. FAC ¶¶ 5, 13, 56, 67. The Court agrees with Meta that Wixen's general and conclusory allegations are insufficient to establish standing. *See Wixen v. Pandora Media, Inc.*, Order Granting Mot. to Dismiss, No. 2:19-cv-05278 (C.D. Cal. July 7, 2020), Dkt. No. 68 (Calvanico Decl. Ex. A) ("*Pandora*"); *Wixen v. Triller, Inc.*, Order Granting Mot. to Dismiss, No. 2:20-cv-10515 (C.D. Cal. Feb. 24, 2021), Dkt. No. 33 (Calvanico Decl. Ex. B) ("*Triller*"). Although Wixen contends that its allegations are sufficient relying on a later order denying dismissal of the amended complaint in *Triller*, *see* Opposition (Docket No. 39) at 3-4, that amended complaint included much greater detail than the First Amended Complaint at issue here. Indeed, the amended complaint in *Triller* included allegations regarding how Wixen acquired the legal ownership rights as well as allegations regarding the contractual language granting Wixen such rights. *See* Calvanico Reply Decl. Ex. A.

Moreover, Wixen's concessions further demonstrate the insufficiency of Wixen's general and conclusory allegations. Wixen candidly concedes that it does not, in fact, have standing to sue for approximately 100 Works identified in Exhibit A under binding Ninth Circuit case law. As a result, Wixen states that it is "prepared to amend its FAC at this stage to remove the approximately one hundred Works for which it is an exclusive licensee of less than the entire work." Opposition (Docket No. 39) at 8.

Accordingly, because the Court concludes that Wixen fails to adequately allege standing under the Copyright Act, Meta's Motion to Dismiss the direct copyright and contributory copyright infringement claims is **GRANTED**.[1] However, because leave to amend would not necessarily be futile, the Court **GRANTS** Wixen leave to file a Second Amended Complaint (solely to cure the

deficiencies in its copyright claims identified in this Order). For each Work at issue, Wixen shall allege whether it owns the Work or exclusively licenses the Work, and what Section 106 rights it holds with respect to that Work.

The Court declines to address Meta's motion to dismiss Wixen's state law claims unless and until Wixen adequately alleges a federal copyright claim. If the Court ultimately dismisses Wixen's copyright claims, the Court will then determine whether to decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c).

## IV. CONCLUSION

For the foregoing reasons, Meta's Motion to Dismiss Plaintiff's First Amended Complaint is **GRANTED in part**, with leave to amend. Wixen shall file its Second Amended Complaint on or before September 18, 2026**.** Wixen may not add any new parties or claims for relief without further order of the Court.

IT IS SO ORDERED.

Initials of Deputy Clerk jloz