**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 26-752-JFW(ASx)** Date: November 19, 2026

Title: Wixen Music Publishing, Inc. -*v*- Meta Platforms, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Julieta Lozano** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER GRANTING IN PART, DENYING IN PART DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [filed 10/9/2026; Docket No. 50]**

On October 9, 2026, Defendant Meta Platforms, Inc. ("Meta") filed a Motion to Dismiss Plaintiff's Second Amended Complaint. On November 2, 2026, Plaintiff Wixen Music Publishing, Inc. ("Wixen") filed its Opposition. On November 9, 2026, Meta filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for November 23, 2026 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Wixen is a music publisher that was founded in 1978. Wixen administers more than 100,000 songs written and/or owned by its more than 2,000 clients. As a publishing administrator, Wixen alleges that it is the exclusive licensee and/or owner of more than one hundred thousand musical compositions in its catalog, including the 569 works listed on Exhibit A of the Second Amended Complaint (collectively, the "Works"). While the majority of its catalog consists of musical compositions, Plaintiff alleges that it is also the administrator and exclusive licensee of certain sound recordings.

As alleged in the Second Amended Complaint, Meta, formerly known as Facebook, Inc., owns and operates two social media platforms, Instagram and Facebook, and a messaging application, WhatsApp (together, the "Apps"). These Apps are available to users on the internet or through mobile applications. In or around 2020, Meta launched "Instagram Reels" ("Reels"), which

allows users to create, share, and watch videos. Within a year of its initial launch, Reels became available on Facebook as well. Reels provides users with the ability to easily add music to videos from the libraries of music that Meta controls, maintains, and provides on its Apps (together, the "Music Library").

Meta's relationship with Wixen dates back to approximately March 2018, when Wixen began licensing its catalog to Meta through a series of agreements and amendments (collectively, the "Wixen-Meta License"). In March 2025, before the latest iteration of the Wixen-Meta License was scheduled to expire, Meta proposed new licensing rates. Because Wixen declined Meta's new licensing rates, the Wixen-Meta License expired on December 10, 2025.

After the negotiations were unsuccessful, but before the Wixen-Meta License expired, Wixen alleges that Meta unilaterally removed some of Wixen's current and former clients' music from the Music Library. Meta then allegedly told Wixen's current and former clients that the music was removed by, or caused to be removed by, Wixen. In addition, since the expiration of the Wixen-Meta License, Wixen alleges that Meta has, without authorization or compensation, reproduced and made the Works available to its users through Reels and the Music Library, resulting in thousands of audiovisual works incorporating the Works, without authorization or compensation.

On January 23, 2026, Wixen filed its initial Complaint in this Court alleging the following claims for relief against Meta: (1) direct copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq*., (2) contributory copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.*; (3) defamation; (4) trade libel; and (5) intentional interference with contractual relations. In its Complaint, Wixen identified 331 Works being infringed by Meta. On May 15, 2026, Wixen filed its First Amended Complaint, adding additional Works, increasing the number of Works to 681, and adding additional facts regarding its claims for defamation, trade libel, and intentional interference with contractual relations. On September 18, 2026, Plaintiff filed the Second Amended Complaint, removing 112 Works for a total of 569 Works.

Meta moves to dismiss Wixen's Second Amended Complaint on the following grounds: (1) Wixen lacks standing to assert its copyright infringement claims for pre-1978 Works not owned by Wixen; and (2) Wixen fails to adequately or plausibly allege its remaining claims for relief.

## II. LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

 Initials of Deputy Clerk jloz

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III. DISCUSSION

The Court concludes that Wixen lacks standing to assert its copyright infringement claims with respect to all Works registered prior to 1978 and not owned by Wixen.

Under the 1909 Act, copyright interests were traditionally treated as indivisible, such that an exclusive licensee "may not alone maintain an infringement action" without joining the "copyright owner." *Cable Vision, Inc. v. KUTV, Inc.*, 335 F.2d 348, 354 (9th Cir. 1964). The indivisibility principle was generally abolished by the 1976 Copyright Act (which became effective January 1, 1978). "In contrast to the 1909 Act's provisions, the 1976 Act allows an exclusive licensee to proceed with a copyright infringement lawsuit even in the licensor's absence." *Nafal v. Carter*, 540 F. Supp. 2d 1128, 1137 (C.D. Cal. 2007).

Wixen has listed more than 200 Works that were registered prior to January 1, 1978 (and that are not owned by Wixen) in Exhibit A. However, Wixen has not joined the owner of any of those Works. Accordingly, if the 1909 Act applies to Wixen's claims with respect to those pre-1978 Works, Wixen lacks standing to assert its copyright infringement claims with respect to those pre-1978 Works.

Numerous circuits, courts, and Nimmer agree that:

> With respect to causes of action arising on or after January 1, 1978, any rights or remedies under the 1909 Copyright Act are superseded by the rights and remedies

> under the current Copyright Act. This status applies even to works that first became the subject of copyright before 1978 under the 1909 Act.

1 Nimmer on Copyright § 1.20 (2026). The Ninth Circuit however has taken a different approach. According to Nimmer, the Ninth Circuit has "erroneously" concluded that rights and remedies under the 1909 Act are applicable to works first obtaining statutory copyright pre-1978 when the causes of action in issue arose after January 1, 1978. 1 Nimmer on Copyright § 1.20 n.2 (2026) (citing *Lone Ranger Television, Inc. v. Program Radio Corp.*, 740 F.2d 718 (9th Cir. 1984)). And, "[r]egardless of how erroneous that approach may be, it is binding within the Circuit." *Wixen Music Publ'g, Inc. v. Triller, Inc*., 2021 WL 1255190, at *5 (C.D. Cal. Feb. 24, 2021). *See also Nafal v. Carter*, 540 F. Supp. 2d 1128, 1138 (C.D. Cal. 2007) ("Regardless of whether or not this Court finds *Roth, Essex, and Nimmer* to be persuasive, this Court is bound to follow Ninth Circuit precedent.").

Accordingly, the Court concludes that, as an exclusive licensee, Wixen lacks standing under the 1909 Act's indivisibility doctrine to pursue its copyright claims as to all Works registered prior to 1978 and not owned by Wixen (without joining the copyright owners). *See Nafal*, 540 F. Supp. 2d at 1138 (concluding that under Ninth Circuit precedent, "it is clear that the rights afforded to copyrights created and published before 1978 are governed solely by the 1909 Act"); *Triller*, 2021 WL 1255190, at *5 (concluding the same). Accordingly, the Court grants Meta's motion to dismiss Wixen's infringement claims with respect to those pre-1978 Works.

With respect to the remaining issues raised by Meta in its Motion to Dismiss Plaintiff's Second Amended Complaint, the Court concludes that they are more appropriately resolved on a motion for summary judgment.

## IV. CONCLUSION

Meta's Motion to Dismiss Plaintiff's Second Amended Complaint is **GRANTED in part, DENIED in part**. Because Wixen cannot cure its lack of standing through amended allegations (without joining the copyright owners), Wixen's copyright infringement claims as to all Works registered prior to 1978 and not owned by Wixen are **DISMISSED without leave to amend**. In all other respects, Meta's Motion to Dismiss Plaintiff's Second Amended Complaint is **DENIED**.

IT IS SO ORDERED.



Initials of Deputy Clerk jloz